IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  3:05cr117/LAC
3:07cv193/LAC/MD

GREGORY FONTAINE JONES

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 46). The government has filed a response (doc. 49) and the defendant has failed to file a reply, despite having received a significant extension of time in which to do so. (See doc. 52). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendant was charged in a two count indictment dated November 16, 2005 with conspiracy to possess with intent to distribute fifty (50) grams or more of cocaine base and possession with intent to distribute fifty (50) grams or more of cocaine base. (Doc. 13). The government filed an enhancement information pursuant to title 21 U.S.C. § 851 on December 13, 2005 listing two prior felony drug convictions. (Doc. 20). On January 19, 2006, defendant pleaded guilty pursuant to a written plea and cooperation agreement.

(Doc. 28, 29 & 45). The plea agreement reserved defendant's right to appeal the denial of his motion to suppress. (Doc. 29 at 1).[1] The agreement further provided that with respect to either count one or count two, if the court determined that the defendant had two prior qualifying felony drug convictions, he faced an enhanced sentence including a mandatory minimum term of life imprisonment; if he had one prior qualifying felony drug conviction, he faced a mandatory minimum term of twenty years imprisonment and a maximum possible penalty of life imprisonment; and if he had no prior qualifying felony drug convictions, he faced a mandatory minimum term of ten years imprisonment and a maximum term of life imprisonment. (Doc. 29 at 1-2).

At the change of plea hearing, the government stated on the record the possible penalties defendant faced due to the notice of enhancement. (Doc. 45 at 11-12). Defendant acknowledged that he was convicted of the offenses named in the notice of enhancement as alleged. (*Id.* at 12-13). Counsel noted that the defense reserved the right to challenge the prior convictions at sentencing. (*Id.* at 13). Defendant stated that he had reviewed the plea agreement in detail with counsel and had no questions about it. (*Id.* at 14-15).

The PSR calculated defendant's total offense level at 33 and his criminal history category at V, for an advisory guidelines range of 210 to 262 months. The defendant's prior felony drug convictions that were identified in the enhancement information appeared in paragraphs 43 and 46 of the PSR. Neither counsel nor the defendant objected to the inclusion of these convictions in the PSR.

The government filed a Rule 5K1 motion based on defendant's testimony at the trial of another defendant. On April 26, 2006 the defendant was sentenced to a term of 240 months imprisonment, which the court recognized as a "significant departure from the applicable guideline range and mandatory minimum term of life imprisonment." (Doc. 48 at 7-8). He did not appeal.

---

[1] The criminal docket reflects that the written order denying the motion was not entered until April 26, 2006, with the notation "see record of sentencing proceedings." (Doc. 40).

*Case No: 3:05cr117/LAC; 3:07cv193/LAC/MD*

In the present motion, defendant raises two grounds for relief, each of which relates to the prior state convictions used to enhance his sentence. He contends that appointed counsel Thomas Keith was ineffective for his failure to respond to the allegations in the enhancement information, and for his failure to "note, object or appeal the use of constitutionally invalid prior state convictions."

## II. LEGAL ANALYSIS

To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did

take." *Gordon v. United States,* 496 F.3d 1270, 1281 (11th Cir. 2007); *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, such as counsel in this case, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing

*Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

Additionally, counsel is not constitutionally ineffective for failing to preserve or argue a meritless claim*. See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

The two grounds for relief raised by defendant are inextricably intertwined as they both address the validity of defendant's prior state felony drug convictions. Defendant claims in his supporting memorandum of law that he told counsel that the enhancement filed by the government in his case contained information about prior convictions which

were constitutionally infirm or were not valid convictions for enhancement purposes. (Doc. 46, memo at 2). Defendant claims that had he been aware that counsel had failed to research this, he would have retrieved the "necessary documents," although he admits that his challenge to the state convictions, as of the time of the filing of his § 2255 motion, had not succeeded, and he was merely preserving his rights by filing the instant motion. (*Id.* at 4, 5). Counsel states in his affidavit that he reviewed all pertinent court documents regarding the defendant's prior convictions and found no basis for challenging the constitutionality or legality of the convictions. (Doc. 49, exh. A). Defendant has failed to show in his motion or any subsequent submissions that the convictions in question have been ruled to be constitutionally infirm or that there was any viable basis for counsel to raise such a challenge at the time of sentencing. Therefore, he has not shown that counsel's performance was deficient for his failure to challenge the convictions,[2] and he is not entitled to § 2255 relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 46) be DENIED.

At Pensacola, Florida, this 5th day of December, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The court further notes that defendant's argument, raised in his proposed motion to amend, that a state offense for simple possession is not a qualifying prior felony conviction that triggers the § 851 enhancement, is foreclosed by circuit precedent. See *United States v. Tremble*, 933 F.2d 925, 928 (11th Cir. 1991).

*Case No: 3:05cr117/LAC; 3:07cv193/LAC/MD*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).